UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTT D. LEMOINE, ET AL                                CIVIL ACTION

VERSUS                                                 NO. 11-1377

ELIZABETH P. WOLFE, ET AL                              SECTION: "C"(3)


ORDER AND REASONS

This matter comes before the Court on Plaintiff Scott D. Lemoine and Beverly Lemoine's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). Rec. Doc. 92. Plaintiffs ask the Court to alter or amend the judgment granting summary judgment to defendant Judge Elizabeth Wolfe. Rec. doc. 89.  Having considered the record, the memoranda of counsel and the law, the Court DENIES the motion for the following reasons.

A. Standard of Review for a Rule 59(e) Motion to Alter or Amend Judgment

Alteration or amendment of a previous ruling under Rule 59(e) "calls into question the correctness of the judgment." *Tremplet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). This specific motion serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).  It may also be used to prevent manifest injustice. *Flynn v. Terrebonne Parish School Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004).  As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465

1

(E.D. La. 2000).

Here, the plaintiffs allege no new evidence. Instead, plaintiffs appear to be arguing that there was a manifest error of law or fact. The Court finds that no such error exists.

**B. Malicious Prosecution Claim**

The Court did not *sua sponte* grant summary judgment on the Louisiana Tort Law malicious prosecution claim. Rec. Doc. 89, p. 11. The Court noted that there are six elements to a malicious prosecution claim under Louisiana law. *Id.* Plaintiffs were on notice that they needed to respond to each element of the malicious prosecution claim in order to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554 (1986); *Allstate Life Ins. Co. v. Parnell*, 292 Fed. Appx. 264 (C.A. 5 (Miss.) 2008). In Judge Wolfe's motion for summary judgment, she laid out the elements of malicious prosecution and then argued, "[t]he defendant sets forth that the plaintiffs lack competent evidence to show proof of the remaining elements [beyond the first element]. Rec. Doc. 51, p. 7. Causation was one of the remaining elements. While defendant Judge Wolfe argued that it was "most clear that plaintiff cannot establish the third element of the claim – that there was a 'bona fide termination in favor of the present plaintiff,'" the Court found that it did not need to address this more contested element because the second element Judge Wolfe raised, legal causation, could not be met. Rec. Doc. 89. p. 11. The Court will not consider this challenge to the grant of summary judgment under the applicable standard for summary judgment because plaintiffs were already given the

2

opportunity to raise this argument. *John Deere Co. v. American Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987).

As the Court noted in its previous order, Rec. Doc. 89, p. 10, "independent actions of the police break the chain of causation." *Kennedy v. Sheriff of East Baton Rouge*, 935 So. 2d 669 (La. 2006). Those independent actions included Detective Aguillard, "interview[ing] Lori Barrient, Kelly Wolfe, Judge Wolfe, [and] Scott Lemoine, [and] review[ing] documents provided, [writing] his own report, and [making] his own determination to arrest Scott Lemoine. Rec. Doc. 51, p. 10.

Accordingly,

IT IS ORDERED that plaintiffs' Motion to Alter or Amend Judgment is DENIED. Rec. Doc. 92.

New Orleans, Louisiana, this 16th day of January, 2013.

**Helen G. Berrigan**
**U.S. District Judge**