UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SCOTT D. LEMOINE, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1377** |
| **ELIZABETH P. WOLFE, ET AL** | **SECTION "N"(3)** |
| | *Flag Section "C"* |

## ORDER AND REASONS

Before the Court is defendant Elizabeth Wolfe's motion to dismiss for lack of jurisdiction. Rec. Doc. 117. Plaintiff Scott D. Lemoine opposes the motion. Rec. Doc. 126. After considering the record, the memoranda of the parties, and the applicable law, the Court denies defendants' motion.

**I. Background**

The Court finds it appropriate to state only the factual and procedural background pertinent to the current motion. The case was filed in June 2011, with plaintiff alleging that defendant—a sitting state court judge—wrongfully caused the arrest of plaintiff and also wrongfully caused excessive bond to be set for plaintiff's release from custody following his arrest. *See* Rec. Doc. 1 at 7–8, 10–11. Furthermore, plaintiff alleges that defendant's wrongful actions caused plaintiff's federal supervised release to be revoked, with the result of plaintiff being wrongfully incarcerated for a total of nearly ten months. *See id.* at 13–16. Plaintiff alleges that, even upon release from federal custody, plaintiff's conditional discharge was continued indefinitely. *See id.* at 16. Plaintiff's initial complaint stated both federal and state claims, with plaintiff alleging federal question jurisdiction over the federal claims and both supplemental and diversity jurisdiction over the state claims. *See id.* at 3–4.

1

The Court, Judge Berrigan presiding, dismissed all of plaintiff's claims against defendant on summary judgment in December 2012. *See* Rec. Doc. 89. Following two separate decisions of the Fifth Circuit and an answer to a certified question by the Louisiana Supreme Court, the case is now back before the Court for further proceedings on plaintiff's state-law malicious prosecution claim against defendant. *See* Rec. Doc. 104 (Fifth Circuit order reversing and remanding case for further proceedings); *see also Lemoine v. Wolfe*, 575 Fed. Appx. 449 (5th Cir. 2014) (per curiam); 2014–CQ–1546 (La. 3/17/15); 168 So.3d 362.

Defendant now moves for the Court to dismiss plaintiff's state-law malicious prosecution claim, contending it is no longer appropriate for the Court to continue exercising supplemental jurisdiction and because diversity jurisdiction did not exist at the time plaintiff filed his complaint. *See* Rec. Doc. 117.[1]

## II. Arguments of the Parties

In support of their motion to dismiss, defendants contend that plaintiff's complaint—which does not allege a specific amount in controversy—does not support the existence of the minimum amount in controversy necessary for the Court to exercise diversity jurisdiction. *See* Rec. Doc. 117-1. Contending that plaintiff's alleged damages are limited to nineteen days spent in jail, defendant cites to Louisiana case law indicating that plaintiffs suffering similar damages have not recovered over $75,000. *Id.* at 3–5. Furthermore, defendant contends that supplemental jurisdiction over plaintiff's state claims is no longer appropriate, emphasizing that all federal claims have been dismissed and that plaintiff's claim involves novel issues of state law as evidenced by the Louisiana Supreme Court answer to the Fifth Circuit's certified question in this

---

[1] The Court notes that the parties do not dispute that diversity of citizenship between the parties exists in this case. *See* Rec. Doc. 1 at 2; Rec. Doc. 117-1. Furthermore, it does not appear that the parties dispute that the individual claims of Beverly Lemoine are no longer pending. *See* Rec. Docs. 117-1 at 2 (defendant's statement of the case) & Rec. Doc. 126 (opposing dismissal and addressing jurisdiction only as to claims of Scott Lemoine).

2

case. *Id.* at 5. Defendant contends that requiring plaintiff to bring his claim in state court will not prejudice plaintiff, will not waste judicial resources, and will serve federalism and comity interest. *Id.* at 6.

In opposition, plaintiff contends that the complaint alleged in good faith that the amount in controversy exceeds $75,000. *See* Rec. Doc. 126 at 2. Plaintiff contends that the complaint makes clear that his alleged injuries were not limited to nineteen days in jail, but rather nearly ten months. *Id.* at 3. Plaintiff cites to cases he deems to be more analogous to the instant action in which recovery exceeded $75,000. *Id.* at 3–4. Plaintiff asserts that a reasonably jury could award more than $75,000 for the emotional and monetary damages associated with roughly ten months of wrongful incarceration. *Id.* at 5.

In addition to diversity jurisdiction being present, plaintiff argues that the Court should continue exercising supplemental jurisdiction as well. *Id.* at 6–9. Plaintiff contends the case does not involve novel issues of state law, given that federal courts regularly litigate malicious prosecution claims and because the Louisiana Supreme Court's answer to the Fifth Circuit's certified question settled the new issue of state law that had been present. *Id.* Plaintiff further contends that the age of this case, multiple federal court rulings already entered, and waste associated with the plaintiff having to bring his case in state court all weigh in favor of the Court retaining its supplemental jurisdiction. Finally, plaintiff asserts that the Fifth Circuit's decisions on appeal implicitly support the existence of federal jurisdiction, given that the Fifth Circuit did not question its own jurisdiction to hear the appeal. *Id.* at 9–10.

**III. Discussion**

The Court concludes that diversity jurisdiction exists in this case and thereby finds it unnecessary to decide whether to decline the continued exercise of supplemental jurisdiction. It

is apparent from the allegations on the face of plaintiff's complaint that he seeks to recover damages for almost ten months of wrongful confinement caused by a sitting state court judge, all the associated emotional, economical, reputational, and punitive damages associated therewith, as well as attorneys' fees[2] associated with defense against criminal prosecution. Under the applicable legal standard and upon review of the cited case law on malicious prosecution awards, the Court concludes that the facts alleged by plaintiff sufficiently support that the amount in controversy in this case exceeds $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion (Rec. Doc. 117) is **DENIED**.

New Orleans, Louisiana, this 26th day of May, 2016.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2] Defendant apparently acknowledges that plaintiff claims that his criminal attorney fees were roughly $25,000. *See* Rec. Doc. 117-1 at 5.